UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARIE A. CHARLES                                CIVIL ACTION

VERSUS                                          NO: 06-1992

ST. JAMES PARISH COUNCIL, ET AL                 SECTION: "J"(2)

**ORDER**

Before the Court is Plaintiff's second **Motion for Continuance to Take Deposition of Material Witnesses (Rec. Doc. 27).** In her motion, which is opposed, Plaintiff seeks to continue the hearing date of Defendant's, the Parish of St. James's **Motion for Summary Judgment (Rec. Doc. 18**), currently set for hearing on January 23, 2006[1] on the briefs. Plaintiff has failed to comply with Federal Rule of Civil Procedure 56(f), insofar as she has not shown, by affidavit, that she cannot present facts essential to justify her opposition. Plaintiff states that she needs more time to depose two witnesses, but this Court finds that more time would be futile given the arguments

---

[1] Plaintiff's first two attempts at filing the motion to continue the hearing date, the first filed on January 15, 2008 and the second filed on January 16, 2008 were both marked deficient. Plaintiff's third attempt, filed on January 21, 2008, just two days before the hearing date on Defendant's motion for summary judgment, was successfully filed.

presented in Defendant's motion for summary judgment and Plaintiff's cursory allegations as to why these depositions are necessary to oppose Defendant's motion.  Therefore, this Court finds that a continuance of the hearing on Defendant's motion for summary judgment should be denied.

As a result, the Court now turns to Defendant's **Motion for Summary Judgment (Rec. Doc. 18**).  Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed **and** a copy be delivered to chambers eight days prior to the date set for hearing of the motion.  No memorandum in opposition to Defendant's Motion for Summary Judgment (Rec. Doc. 18), set for hearing on January 23, 2008, was submitted timely.  Accordingly, this motion is deemed to be unopposed.

Plaintiff's complaint alleges that she was discriminated against because of her age and retaliated against for reporting unsafe working conditions and safety violations.  As for Plaintiff's age discrimination claim, Plaintiff admitted she no longer believes she was terminated because of her age.  See Exh. 2 to Defendant's motion for summary judgment.

Regarding Plaintiff's retaliatory discharge claims, Plaintiff has not demonstrated the existence of a "protected activity" as defined under Title VII of the Civil Rights Act of 1964.  Title VII bars only those claims prohibited on the basis of age, sex, race, religion, national origin, and gender.  See

Grimes v. Texas Dept. of Mental Health & Mental Retardation, 102 F.3d 137 (5th Cir. 1996).  Plaintiff's retaliation claims, however, stem only from her complaints about working conditions.  Furthermore, Plaintiff has failed to identify a specific violation of state law that led to her complaints as is required by La. Rev. Stat. 23:967, nor is there evidence that Defendant was ever put on notice of any statutory violations.

Therefore, this Court finds that Defendant's motion for summary judgment should be granted as there exist no genuine issues of material fact supporting Plaintiff's allegations of age discrimination or retaliatory discharge under both state and federal law.[2]  Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Summary Judgment (Rec. Doc. 18**) is **GRANTED**.  Accordingly, all claims against St. James Parish are dismissed with prejudice at Plaintiff's costs.

**IT IS FURTHER ORDERED** that Plaintiff's second **Motion for Continuance to Take Deposition of Material Witnesses (Rec. Doc. 27)** is hereby **DENIED.**

A motion for reconsideration of this order based on the appropriate Federal Rule of Civil Procedure, if any, must be

---

[2] This Court bases its determination on the fact that Defendant's motion raises a legal issue that does not address the sufficiency of Plaintiff's evidence.  Plaintiff failed to provide an explanation as to how the taking of depositions of fact witnesses would have allowed her to file an opposition to Defendant's motion.

filed within thirty days. The motion must be accompanied by an opposition memorandum to the original motion. Because such a motion would not have been necessary had a timely opposition memorandum been filed, the costs incurred in connection with the motion, including attorney's fees, may be assessed against the party moving for reconsideration. See Fed. R. Civ. P. 16.

New Orleans, Louisiana this 23rd day of January, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE